IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 129,496

STATE OF KANSAS,
*Appellee*,

v.

BRENT L. ALFORD,
*Appellant*.

SYLLABUS BY THE COURT

Under K.S.A. 22-3504(c)(1), an illegal sentence includes three categories:  a sentence imposed without jurisdiction, a sentence that does not conform to applicable statutory provisions, and a sentence that is ambiguous as to the time and manner in which it is to be served. The second category narrowly defines an illegal sentence as one that violates a statute defining the crime, assigning the category of punishment, or classifying the defendant's criminal history.

Appeal from Sedgwick District Court; QUENTIN PITTMAN, judge. Submitted without oral argument April 9, 2026. Opinion filed July 10, 2026. Affirmed.

*Brent L. Alford*, appellant, was on the brief pro se.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.:  A jury convicted Brent L. Alford of murder, kidnapping, and unlawful possession of a firearm, based on events occurring in 1993. This court affirmed the convictions in his direct appeal brought under K.S.A. 1992 Supp. 21-4627(1)'s automatic review provisions. *State v. Alford*, 257 Kan. 830, 843, 896 P.2d 1059 (1995). In 2025, he moved to correct an illegal sentence, claiming K.S.A. 1992 Supp. 21-4627 required the appellate court to consider all issues presented, even if they were unpreserved. Alford appeals the district court's denial of that motion. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Alford was given a hard 40 sentence based on the jury's finding he committed murder in an "especially heinous, atrocious, and cruel manner." On direct appeal under K.S.A. 1992 Supp. 21-4627, he largely focused on issues relating to that aggravating factor, including an argument raised for the first time on appeal that the jury instructions were unconstitutionally vague under *State v. Willis*, 254 Kan. 119, 127-30, 864 P.2d 1198 (1993). He claimed *Willis* "should necessarily apply to him" as "his case was on appeal at the time *Willis* was handed down." *Alford*, 257 Kan. at 839.

The 1995 court agreed with Alford that *Willis* required jury instructions to more clearly define the "heinous, atrocious, or cruel" aggravating factor and stated its ruling would apply to "'all cases on appeal as of the date of this opinion in which vagueness . . . has been asserted as an issue on appeal.'" *Alford*, 257 Kan. at 839 (quoting *Willis*, 254 Kan. at 130). But it declined to address Alford's unpreserved vagueness claims, relying on *State v. Duke*, 256 Kan. 703, 887 P.3d 110 (1994), which had already modified *Willis*' scope by more clearly defining that the instruction described in *Willis* should be used in all cases on appeal as of the date of the opinion in which vagueness was previously asserted "'*in the trial court and* as an issue on appeal.'" *Alford*, 257 Kan. at 839 (quoting

2

*Duke*, 256 Kan. at 717). In other words, neither *Duke* nor *Willis* waived the preservation requirement for Alford's vagueness claim. *Alford*, 257 Kan. at 840.

In 2025, Alford filed a motion to correct an illegal sentence, arguing the 1995 court wrongly decided his direct appeal. He claimed K.S.A. 1992 Supp. 21-4627(2), the statute governing his direct appeal at the time, required the court to consider "any errors asserted in the review," even those raised for the first time on appeal. The district court summarily denied the motion, finding Alford failed to raise any substantial issue of law or fact.

Alford timely appealed. Our jurisdiction is proper. K.S.A. 22-3601(b)(3) (life imprisonment); *State v. Gilbert*, 299 Kan. 797, 800, 326 P.3d 1060 (2014) (jurisdiction over appeal of motion to correct illegal sentence lies with the court that had jurisdiction to hear original appeal).

DISCUSSION

A district court may summarily deny a motion to correct an illegal sentence if "the files and records of the case conclusively show that the defendant is entitled to no relief." K.S.A. 22-3504(a); see also *State v. Hayes*, 307 Kan. 537, 538-39, 411 P.3d 1225 (2018). "An appellate court reviews a district court's summary denial of a motion to correct an illegal sentence de novo because the appellate court has the same access to the motion, records, and files as the district court." *State v. Jackson*, 314 Kan. 178, 179, 496 P.3d 533 (2021).

Alford argues the district court failed to state the controlling facts and legal principles supporting its decision as required by Supreme Court Rule 165 (2026 Kan. S. Ct. R. at 232) and K.S.A. 60-252(a)(1) when denying his motion. But Rule 165 and

3

K.S.A. 60-252 apply to civil cases involving contested matters submitted to the court without a jury and to orders granting summary judgment.

In *State v. Hoge*, 283 Kan. 219, 222, 150 P.3d 905 (2007), the court rejected applying Supreme Court Rule 183(j) (2006 Kan. S. Ct. R. at 227), which governs K.S.A. 60-1507 motions and required a district court to "'make findings of fact and conclusions of law on all issues presented,'" to a motion to correct an illegal sentence but at the same time recognized a general principle "that meaningful appellate review is precluded where a trial court's findings of fact and conclusions of law are inadequate to disclose the controlling facts or basis for the court's findings." *Hoge*, 283 Kan. at 221-22. Applying this general rule, we hold the district court's judgment includes a sufficient basis to explain the outcome for appellate review—it declined to appoint counsel because it found Alford "failed to raise a substantial issue of law or fact" before concluding he "failed to establish his sentence is illegal."

Also, with the same access to the motions, files, and records, we conclude the summary denial was proper. Alford's assertion that his sentence is illegal because he claims the 1995 court incorrectly decided his direct appeal does not fall within the statutory definition of an illegal sentence. K.S.A. 22-3504(c)(1) allows courts to correct sentences that are imposed by a court without jurisdiction, that do not conform to statutory provisions in character or punishment, and that are ambiguous with respect to the time and manner in which they are to be served. Alford particularly relies on the second category. But that category narrowly defines an illegal sentence as one that violates a statute defining the crime, assigning the category of punishment, or classifying the defendant's criminal history. *State v. Cook*, 319 Kan. 777, 779, 560 P.3d 1188 (2024).

The statute Alford asserts his sentence violates, K.S.A. 1992 Supp. 21-4627(2), simply specified which appellate court reviews hard 40 sentences. Accordingly, he is not

4

entitled to relief under K.S.A. 22-3504. See, e.g., *Cook*, 319 Kan. at 779-80 (ruling a statute governing the limitations on double jeopardy was inapplicable to a motion under K.S.A. 22-3504).

The judgment of the district court is affirmed.